UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-89 |
| v. | ) | |
| | ) | |
| REBECCA SANDIFER, | ) | (REEVES / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

This case came before the Court on March 27, 2017, for a motion hearing on the Defendant's Motion to Conduct Psychological Evaluation Pursuant to 18 U.S.C. § 4241 [Doc. 553], filed on March 22, 2017, and referred [Doc. 555] on March 23, 2017. *See* 28 U.S.C. § 636(b). Assistant United States Attorney Brooklyn Sawyers Belk appeared on behalf of the Government. Assistant Federal Defender Benjamin G. Sharp represented Defendant Sandifer. Defendant Sandifer was excused from appearing at the hearing due to mental health problems.

Defendant Sandifer is in custody awaiting a revocation hearing on a Petition for Warrant for Offender Under Supervision [Doc. 547]. Defense counsel asks the Court to order a mental evaluation of Defendant Sandifer's competency to participate in her revocation hearing. The motion states that Defendant has a history of mental health problems and, since her initial appearance on the Petition, has repeatedly threatened to harm herself. In the motion, counsel asks that the Defendant's revocation hearing be held in abeyance pending a psychological evaluation by the Bureau of Prisons.

At the hearing, Mr. Sharp stated that Defendant Sandifer, who was extremely emotional at her initial appearance and detention hearing, refused to meet with him about her case. He stated that when she finally consented to meet with him about one and one-half weeks after her detention hearing, she was withdrawn, would not make eye contact with him, and seemed not to care about anything, including her case. He said that the Defendant appeared to be incapable of participating in her defense. He agreed that she likely did not understand the nature and consequences of the proceedings.

AUSA Sawyers Belk stated that the Government did not opposed the requested mental evaluation. She said that based upon her own personal interactions with Defendant Sandifer, she believed that the Defendant suffers from mental health issues.

Based upon the information presented in the motion and at the hearings along with the Court's own observations of the Defendant at her initial appearance and detention hearing, the Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. The Court concludes that reasonable cause exists to warrant a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(a). Accordingly, the Court **GRANTS** the Defendant's motion [**Doc. 553**] that the Defendant undergo a competency evaluation. It is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4247(b) and 4247(c), of the United States Code, as follows:

> (1) The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the Defendant shall be transported by the United States Marshal Service to such facility.

(2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of the Defendant for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

(3) The Defendant is to submit to such examinations as ordered above.

(4) The Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

(5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examination, a report of the examination with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

    (a) the Defendant's history and present symptoms;

    (b) a description of the psychiatric, psychological and medical tests that were employed and their results;

    (c) the examiner's findings;

    (d) the examiner's opinions as to diagnosis and prognosis, and

    (e) the examiner's opinion as to whether the Defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(7)  The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the thirty (30) day period, or any reasonable extension of that time period, whichever is sooner.

(8)  A competency hearing and/or status conference is set for **June 7, 2017, at 9:30 a.m.**  If the Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date.  If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9)  The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation.  If the Defendant has returned in time, the marshals shall bring her to the **June 7, 2017** competency hearing.

(10)   Because of the length of time necessary to evaluate the Defendant, the revocation hearing scheduled for **April 24, 2017**, will be held in abeyance and will be reset if and when the Defendant is found to be competent.

(11)  The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

     s/ C. Clifford Shirley, Jr.
United States Magistrate Judge